John R. WILVER and C. W. Holmes, Appellants,

v.

Gerda Wootten FISHER, Appellee.

No. 9463.

United States Court of Appeals Tenth Circuit.

Dec. 15, 1967.

———◆———

Burton L. Raimi, Attorney, N.L.R.B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Herman M. Levy, Attorney, N. L. R. B., on brief), for petitioner.

Frederick F. Holroyd, Charleston, W. Va., for respondent.

Before BOREMAN and BUTZNER, Circuit Judges, and WOODROW W. JONES, District Judge.

Before PICKETT and BREITEN-STEIN, Circuit Judges and DELE-HANT\*, District Judge.

BREITENSTEIN, Circuit Judge.

In 1962 appellee-plaintiff brought a stockholder's derivative suit against the appellants-defendants. Among other things the complaint charged that defendant Wilver, the president of the company, had breached his fiduciary obligations to the company by individually dealing in oil and gas properties with funds loaned to him by the corporation and that defendant Holmes, a director of the company, had participated in and profited from Wilver's dealings. Wilver's answer to the complaint alleges that the plaintiff is estopped to maintain the action and that the action was "not filed in good faith but for coercive purposes."

On February 12, 1965, the plaintiff filed interrogatories to be answered by the defendants.[1] Within the times fixed by Rule 33, F.R.Civ.P., the defendants made no objections, no answers, and no request for additional time to answer and did not answer any interrogatories. On March 24, 1965, the plaintiff filed a motion for default under Rule 37(d) for failure to answer. Thereafter, the time to answer was extended on several occasions. On November 3, 1965, a second motion for default judgment was presented. On November 9 the defendants filed objections to the interrogatories. On December 1, 1965, by agreement of the parties a Master was appointed to obtain answers to the interrogatories. The defendants withdrew their objections to the interrogatories and deposited $4,000 to pay the fees and expenses of the Master. The court ordered that the motions for default be held in abeyance until the report of the Master. The Master was authorized to recommend forms of an-

C. E. Barnes, Oklahoma City, Okl., and E. B. Mitchell, Sr., Enid, Okl. (T. Murray Robinson, Oklahoma City, Okl., was with them on the brief), for appellants.

Robert J. Emery and William D. Curlee, Oklahoma City, Okl. for appellee.

---

\* Of the Eighth Circuit, sitting by designation.

1. The interrogatories required a multitude of answers. For example the first interrogatory directed to Wilver asked whether he had directly or indirectly acquired oil and gas leases on 269 specifically described tracts. The second interrogatory asked 36 questions with respect to each tract in which the answer to Interrogatory One was in the affirmative. Subsequent interrogatories were equally detailed in regard to numerous other properties.

swers and to recommend whether the motions for default should be sustained or overruled.[2]

The Master conducted numerous hearings, and filed his report on December 9, 1966. He recommended that the motion for default against defendant Holmes be overruled. As to defendant Wilver the Master concluded that he "has submitted no valid excuse for his non-answers to a major portion of interrogatories XVI and XVIII," and recommended that if the court upheld the Master's rulings on the excuses presented, and if Wilver did not submit complete answers "within the time specified in any order of this court approving the report," judgment by default should be entered against Wilver.

No party objected to the Master's report or asked the court to approve it. Without notice to anyone, the court on January 18, 1967, approved the report with modifications, granted the motions for default against both Wilver and Holmes, and entered a judgment against them which directed an accounting, imposed a trust on all money or properties of the two defendants received by them from the purchase and sale of mineral interests, enjoined them from transferring any cash or property, and ordered money damages in an amount to be determined after the accounting.

The defendants filed a motion asking the court to vacate the January 18 order. On January 24, 1967, the court modified the January 18 order to permit Wilver to expend funds to pay delay rentals and certain expenses and further ordered:

"Defendant John R. Wilver be and he hereby is granted a period of fifteen (15) days from the date hereof or until February 8, 1967 within which to fully answer interrogatories XVI, XVIII and XX heretofore served upon him by the plaintiff."

On February 10, the court ordered that the Master meet with Wilver and "obtain from him answers supplementing the answers heretofore given." This was done and the Master filed a report on February 13 which recommended approval of the amended answers. On the same day after a hearing the court held that one interrogatory was only partially answered and that copies of income tax returns furnished by the defendants were not certified as the court had required. On February 18, the court made an order which concluded thus:

"* * * that the defendants, John R. Wilver and C. W. Holmes, have failed to excuse or explain their delay and neglect which resulted in the entry of judgment on January 18, 1967 and that said defendants have failed to show a meritorious defense or that a trial will result in a judgment different from the one sought to be vacated and that it is the court's duty to deny defendants' 'Motion,' as amended, to vacate the court's order and judgment of January 18, 1967, * * *."

We have here a relatively simple case in which the complaint charges breaches of fiduciary obligations and the defenses are denials, estoppel, and bad faith on the part of the plaintiff. The case was

---

2. Paragraph 7 of the order reads thus:
"7. That the Master's report should show:
(A) That Master is submitting separately the formal signed answers to the interrogatories executed by specific parties defendant;
(B) Where from the evidence taken, Master is of the opinion that interrogatories have not been answered or have not been correctly or completely answered by a party defendant, Master may include recommended forms of any such answers he concludes to be supported or justified by the evidence taken;

(C) Restatement of interrogatories in the opinion of the Master not answered or only partially answered;
(D) Report of formal excuses advanced by defendants of parties for non-answer or incomplete answer;
(E) Master's conclusions and recommended rulings as to the validity of excuses offered; and
(F) Master's recommendation as to whether the plaintiff's Motions for Default Judgment held in abeyance by the court should, in view of the character of defendants' compliance with this order, be sustained or overruled."

filed in 1962 and should have been disposed of long ago. We see no reason for the procedural entanglements which the record presents.

■ The defendants neither objected to, nor answered, the interrogatories within the times fixed by Rule 33. These failures subjected them to the sanctions authorized by Rule 37(d). The plaintiff's motion for default should have been promptly heard and determined. Instead the court held the motion in abeyance and appointed a Master. The plaintiff acquiesced in such action. He thereby waived his right to insist upon the time requirement of Rule 33.

■ Rule 53(b) says that: "A reference to a master shall be the exception and not the rule." The trial court made no finding of an exceptional circumstance. His order of reference refers generally to delay on the part of the defendants, the variety, number, and complicated nature of the problems, the issues involved, and "the best interests of justice." None of these amount to an exceptional circumstance. A trial judge must exercise discretion in the determination of an exceptional circumstance, and that discretion is reviewable by the court of appeals.[3]

■■ We are unaware of any decisions which approve the appointment of a Master to supervise the answers to interrogatories. Here the Master was given the power to restate the questions and to recommend the answers. The fact that the parties agreed to such anomalous procedure does not make it permissible. The parties, not a Master, ask the questions and give the answers. The court has control over and responsibility for the discovery procedures authorized by the rules. The order of reference here borders on an abdication of judicial function[4] and is not justified by the record.

We must take the case in the pattern set by the lawyers and the trial court. The Master did what the court told him to do and made his report. We are concerned with what happened thereafter.

Rule 37(d) provides that if a party "fails to serve answers to interrogatories," the court "on motion and notice" may enter a judgment of default. Rule 55(b)(2) says that if a party has appeared in an action, he must be served with written notice of an application for a default judgment at least three days before the hearing of such application.

■ Between the time of the filing of the Master's report and the entry of default judgment on January 18, 1967, no notice was given by or to anyone that a default judgment would be sought or entered. The defendants moved to vacate the default judgment on several grounds among which was the lack of notice. In denying that motion the court said that the defendants had failed to show a meritorious defense. The question is not whether a meritorious defense existed but whether the default was properly entered. The failure to give the necessary notice requires that it be set aside.[5] The defect was not cured by any of the circuitous procedures occurring after the filing of the motion to vacate.

■■ The courts have the duty and responsibility to try and dispose of the lawsuits brought before them. The law favors the disposition of litigation on its merits.[6] The Rules of Civil Procedure provide orderly means for the attainment of this result. They should be followed and not ignored.

The judgment is reversed and the case is remanded for a prompt trial on the merits.

3. La Buy v. Howes Leather Company, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, affirming Howes Leather Company v. La Buy, 7 Cir., 226 F.2d 703.

4. See La Buy v. Howes Leather Company, 352 U.S. at 256, 77 S.Ct. 309.

5. Meeker v. Rizley, 10 Cir., 324 F.2d 269, 271.

6. Id. at 272.