AMERICAN HONDA MOTOR CO., INC.,
Plaintiff,

v.

VICKERS MOTORS, INC., Defendant.

No. 73-2312.

United States District Court,
W. D. Tennessee, E. D.

June 6, 1974.

See also, 6 Cir., 502 F.2d 967.

Roland N. Smoot, Lyon & Lyon, Los
Angeles, Cal., Elmore Holmes, III, Memphis, Tenn., for plaintiff.

Tom Mitchell, Jr., Memphis, Tenn., Robert T. Keeton, Jr., Huntingdon, Tenn., for defendant.

## ORDER ON MOTION TO VACATE REFERENCE TO MAGISTRATE

WELLFORD, District Judge.

On May 24, 1974, the Court entered an order on pending discovery motions referring the disputes that have arisen between respective counsel to the Magistrate, Honorable Aaron Brown, Jr., for a hearing and recommendation under the circumstances. Notice was promptly issued for a hearing before the Magistrate on June 7, 1974 pursuant to the Court's Order. Counsel for defendant, aggrieved apparently by the Court's order (and its previous rulings in this cause), wrote the Magistrate upon receipt of the notice that he would seek to vacate the reference and asked that the scheduled hearing be cancelled. Copies of this communication went to the Court and adversary counsel.

On June 5th, defendant's counsel filed a motion to vacate the reference on a number of grounds which will be considered in this order.

1. The Court's prior actions and orders have been ambiguous.

■ The prior actions and orders of this Court, of course, speak for themselves. The complaint on its face purports to set out a cause of action under an alleged Honda motorcycle sales agreement between the parties and on alleged trademark right violations. Defendant has taken the position that a clause in the contract effectively waives plaintiff's alleged rights under the agreement and estops plaintiff from pursuing counts one through three of the complaint based on the agreement. The Court has taken defendants F.R.C.P. 12(b) motion under advisement in this respect, but has overruled the motion on the trademark count. Discovery by the

parties, however, has been permitted to proceed. All of the original issues raised in the complaint may remain in this suit. Other preliminary motions or a ruling favorable to defendant on the pending motion may narrow or eliminate some or all of the issues raised in the complaint. The Magistrate is capable of determining discovery issues in light of the prior rulings by the Court in this case.

2. The reference is an abdication of the judicial function.

28 U.S.C. § 636 deals with the jurisdiction and powers of United States Magistrates. Aaron Brown, Jr., is a full-time Magistrate serving in and with duties assigned by this Court in the Western District of Tennessee. Among many other duties, powers and responsibilities assigned, the law prescribes (in part):

"(b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and . . . "

The rules adopted by this Court, #10(c) and (d), in effect at the time this suit was filed, set out (in part):

> "(c) Hearing of Deposition and Discovery Motions, etc.

No motion in connection with depositions or discovery pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, and no objections to interrogatories or to requests for admissions, production or entry pursuant to said Rules will be heard unless counsel for a party to the controversy serves on opposing counsel and files a certificate (with one copy) affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues.

If counsel refuses to cooperate in having such a conference, the Court will, on application of opposing counsel, afford appropriate relief, such as ordering counsel to confer, striking the motion or objections of counsel, and awarding counsel fees and costs. No continuance will be granted because of a failure to complete depositions or discovery if counsel have not availed themselves of the procedures and remedies contained in this rule."

"(d) Hearing by Magistrate. The Judges may, in their discretion, refer such motions and objections pending in Court at Memphis, with respect to which a hearing is necessary, to the Magistrate stationed at Memphis for a hearing and for a recommendation to the Court of a ruling. If such is done and thereafter the Judge believes that a further hearing is necessary or desirable, such will be set by the Judge and counsel will be advised."

■ No ruling by any Court of which we are aware has been made challenging this authority of the magistrate in discovery matters. The district judge, of course, retains ultimate responsibility for discovery proceedings in his court and jurisdiction. TPO, Inc. v. McMillen, 460 F.2d 348, 358, 359 (7th Cir. 1972). The magistrate's duties are interlocutory in nature assisting the Court in discovery proceedings. See TPO, Inc., *supra*, p. 359, n. 57. Dye v. Cowan, 472 F. 2d 1206 (6th Cir. 1972) is inapposite because it deals with a different section of the Act and a different area of magistrate responsibility, the "preliminary review of applications for posttrial relief . . . of criminal offenses." (Subsection (b)(3) of 28 U.S.C. § 636). The magistrate here is not being called upon to exercise ultimate adjudication or decision making, such as ruling on a motion to dismiss or for summary judgment. He is being called upon to assist the Court with a recommendation after a hearing on the discovery issues brought about in considerable measure by actions of defendant's counsel himself.

3. Applicability of F.R.C.P. 53.

■ Defendant asserts there are no "exceptionable circumstances" here present to warrant this reference. This, however, is no reference to a master or special master to conduct trial proceedings, at least at this stage of proceedings. No exceptional condition or circumstance is required for the reference to the magistrate under the local rule and the statute referring to the powers and duties of full-time magistrates in this District. Wilver v. Fisher, 387 F. 2d 66 (10th Cir. 1967) deals with Rule 53(b) appointment of special masters, and was decided prior to amendment of 28 U.S.C. § 636 concerning federal magistrates. *Wilver, supra,* is not, under these present circumstances, of any controlling relevance, nor is United States v. Kirkpatrick, 186 F.2d 393 (3rd Cir. 1951). F.R.C.P. 53 is not applicable to this reference.

4. Applicability of F.R.C.P. 37—Discovery.

■ Rule 37 is concerned with a party's failure to make discovery and involves discretionary action on the part of the Court depending upon all the attendant circumstances. The Court intends to rule upon the merits of plaintiff's Rule 37 motion asserting failure to produce, depose, or, in short, to discover on defendant's part. Being a discovery problem, it is properly, under the Court's rules and the law, referred to the Magistrate for consideration and *recommendation*, subject to the Court's ultimate discretionary determination. The same reasoning applies to plaintiff's F.R.C.P. 26 motion involving general discovery provisions.

5. Delay.

■ Defendant contends that the reference "may delay rather than expedite the proceeding." In view of this Court's heavy and congested calendar, such a disposition by reference is calculated and hoped to bring about a saving of the time of parties and counsel. Under the court rule, a further *hearing* is provided for only if the Court deems it necessary or desirable. The Court will review carefully all the record, information and material essential for a proper adjudication after the magistrate reports his suggestions and recommendations depending upon what is developed at the hearing. For the reasons heretofore stated, this reference in question is not a F.R.C.P. 53 reference to a special master in conjunction with a complicated or tedious or exceptional accounting or situation. Rule 53(e)(2) would, therefore, not assure the parties to a further right to a Court hearing on objections, if any.

In order that there not be a delay, therefore, for the reasons stated, defendant's motion to vacate the reference is denied and the Magistrate will proceed with the hearing, his report and recommendation. See Noorlander v. Ciccone, 489 F.2d 642, 646 (8th Cir. 1973) wherein the court pointed out that the final indication of legislative intent in adopting 28 U.S.C. § 636 in mentioning three categories of functions assignable to magistrates (including assistance in discovery proceedings) was *"to illustrate the general character of duties assignable to magistrates under the act, rather than to constitute an exclusive specification of duties so assignable."* See also Remington Arms Co. v. United States, 461 F.2d 1268 (2nd Cir. 1972) and Givens v. W. T. Grant Co., 457 F.2d 612, note 1 (2nd Cir. 1972), vacated and remanded 409 U.S. 56, 93 S.Ct. 451, 34 L. Ed.2d 266 for examples of the approved use of magistrates on motions filed by parties.

The fact that motions in this Eastern Division case have been heard or disposed of by the judge of that court within the Western District of Tennessee jurisdiction at Memphis is of no significance. Reference to the Magistrate at Memphis may also be appropriately accomplished, and subsequent hearings, as indicated, may be in Memphis or at Jackson, Tennessee, depending upon circumstances and convenience. Counsel have indicated Memphis is the more convenient location for most purposes.

Defendant's motion to vacate is overruled.