In re WESTINGHOUSE ELECTRIC CORPORATION—URANIUM CONTRACTS LITIGATION.

WESTINGHOUSE ELECTRIC CORPORATION, Appellant,

v.

Robert W. ADAMS and Western Nuclear, Inc., Appellees.

No. 77–1833.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 25, 1978.

Decided Jan. 31, 1978.

Thomas C. Seawell of Seawell & Cohen, Denver, Colo. (Kirkland & Ellis, Chicago, Ill., with him on the brief), for appellant.

Harley W. Shaver of Canges & Shaver, Denver, Colo. (John H. Hall of Debevoise, Plimpton, Lyons & Gates, New York City, with him on the brief), for appellees.

Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

This expedited appeal challenges an order of the district court granting a motion for a protective order, denying a motion by Westinghouse to compel, and quashing a subpoena for taking the deposition of Mr. Robert Adams, formerly president of Western Nuclear, Inc. Appellant Westinghouse urges that we reverse so that the deposition may be promptly taken and used in defense of an action by several utility companies against Westinghouse currently being tried in the Eastern District of Virginia.[1] We have expedited briefing and argument and have considered *in camera* a set of exhibits (Supp.R.Vol.II) which was sealed by the district court, an order of confidentiality having been entered as to these documents by the trial court in the principal action in Virginia.

The order in question recites some of the factual background briefly which appears to indicate the basis for the ruling of the district court barring taking of the deposition.[2] Reference is made to Westinghouse

---

1. The nature of the principal action is outlined in our earlier opinion in another appeal concerning a discovery order relating to the same controversy. See *In Re: Westinghouse Electric Corp.—Uranium Contracts Litigation,* 563 F.2d 992 (10th Cir.). Two other related appeals have also been brought to us but were dismissed by agreement. See *In Re: Westinghouse Electric Corp.—Uranium Contracts Litigation,* No. 77–1498 (order dismissing appeal on stipulation filed July 12, 1977); *In Re: Westinghouse Electric Corp.—Uranium Contracts Litigation,* No. 77–1449 (order dismissing appeal on stipulation filed July 7, 1977).

   We were advised at argument that the trial of the principal case began in September, 1977, and is expected to continue until about the middle of March, 1978. The case is being tried by Judge Merhige without a jury.

2. The district court's order by Judge Finesilver, entered August 5, 1977, reads in pertinent part as follows:

   THIS DISCOVERY MATTER arises out of a multidistrict case being pursued in the Eastern District of Virginia and comes before this court as a result of a subpoena for the taking of a deposition issued under Rule 45(d), F.R.C.P. The parties to this matter,

   Westinghouse Electric Corporation and Western Nuclear, Incorporated, have previously litigated a related question in this district. *In re: Westinghouse Electric Corporation,* Civil Action No. 76-X-59. In the earlier action, Westinghouse sought to compel production of documents by Western Nuclear, but specifically indicated its intent not to seek deposition of Western Nuclear employees. On July 25, 1977, however, Westinghouse caused to be issued a subpoena noticing the deposition of Robert W. Adams, a former employee of Western Nuclear. Mr. Adams' deposition was previously taken by Westinghouse on July 23, and September 9–10, 1976, but Westinghouse claims another deposition is required due to the nature of documents recently produced pursuant to this court's orders in 76-X-59. The trial of the MDL case is scheduled to commence on September 12, 1977, and thus, a rapid consideration of the various motions is needed.

   The court has carefully reviewed the objection to subpoena and Motion for Protective Order, filed by Robert Adams and Western Nuclear on August 1, 1977, the statements and affidavits filed thereafter, and the Motion to Compel, filed by Westinghouse on August

having earlier indicated specifically its intent not to seek the depositions of Western Nuclear employees. This was indicated by a stipulation between Westinghouse, Western Nuclear and Mr. Adams. The court also refers to the fact that earlier depositions of Mr. Adams had been taken. These circumstances are the basis indicated for the order. Three main questions are raised by this appeal, to which we now turn.

■ *First,* it has been argued[3] that the order is not appealable. We must disagree. Such an order is reviewable where the discovery controversy is collateral to the main action and the practical effect of the order will be irreparable by any subsequent appeal. *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993, 996 (10th Cir.), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155;

and see *Cohen v. Beneficial Finance Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528.

*Second,* our most troublesome problem is a stipulation resulting in an order entered in the district court in Colorado on May 4, 1977. This order recites the fact that a subpoena duces tecum had issued, objections had been filed thereto, and a hearing on the matters had commenced. It then states that upon stipulation of the parties the order was entered, requiring certain production of documents at specified offices. The order concludes with the statement that: "This would be a document production only and there would be no deposition."[4]

The order does not in terms bar the taking of further depositions on later occa-

---

5, 1977. Being fully advised in the premises, the Motion for Protective Order is granted and the Motion to Compel is denied.

The Motion for Protective Order, filed by Robert W. Adams and Western Nuclear, Inc., on August 1, 1977, is granted. The subpoena to take the deposition of Robert Adams, issued by this court on July 25, 1977, is quashed.

The Motion to Compel, filed by Westinghouse Electric Corp. on August 5, 1977, is denied.

3. A motion to dismiss the appeal was earlier made and denied by this court, but the jurisdictional challenge is reargued by appellees' brief. (Brief of Appellees, 10).

4. This order, entered by Chief Judge Winner on May 4, 1977, reads as follows:

WHEREAS, WESTINGHOUSE ELECTRIC CORPORATION caused certain Subpoenas Duces Tecum for attendance at a deposition to be issued to WESTERN NUCLEAR, INC. (one of which was a corrected service copy of the other); and

WHEREAS, WESTERN NUCLEAR, INC. caused to be filed certain Objections to said Subpoenas, together with a Motion for Protective Orders; and

WHEREAS, this Court commenced a hearing on said matters at 2:00 P.M., April 4, 1977, wherein Joseph E. Cook of Welborn, Dufford, Cook & Brown appeared on behalf of WESTINGHOUSE ELECTRIC CORPORATION and wherein Harley W. Shaver of Canges and Shaver appeared on behalf of WESTERN NUCLEAR, INC., and the Court continued said hearing until April 6, 1977, at 1:00 P.M., and at said time, George D. Newton, Jr. of Kirkland & Ellis, Chicago, Illinois, and John S. Battle, Jr. of McGuire, Woods &

Battle of Richmond, Virginia, appeared together with Joseph E. Cook for WESTINGHOUSE ELECTRIC CORPORATION and Harley W. Shaver of Canges and Shaver appeared on behalf of WESTERN NUCLEAR, INC.; and

WHEREAS, the Court heard the statements of respective counsel with regard to the issues before the Court, and the Court being fully advised in the premises, and upon the stipulation of the parties present, does enter the following orders with regard to discovery pursuant to the Subpoenas Duces Tecum served on WESTERN NUCLEAR, INC.:

1. There shall be no compliance until five (5) working days after Judge Marshall's stay order on discovery is lifted in an action currently pending in the United States District Court for the Northern District of Illinois, *Westinghouse Electric Corp. vs. Rio Algom Limited, et al.,* Civil Action No. 76–C–3830.

2. Compliance will be in New York City at the offices of Debevoise, Plimpton, Lyons & Gates, 299 Park Avenue, New York, New York 10017.

3. No documents would need be produced which are dated or came into effect after June 16, 1976.

4. No documents need be supplied that were not supplied the Justice Department pursuant to the Grand Jury Subpoena out of the District of Columbia as long as counsel for WESTINGHOUSE ELECTRIC CORPORATION is apprised of the nature or category of any documents not supplied the Justice Department. *This would be a document production only and there would be no deposition.* (Emphasis added).

sions. Any such effect would have to be by implication from the order or the agreement reached by the parties and it may have been intended that no further depositions of Western Nuclear employees would be taken, as appellees contend. On the other hand it may be, as Westinghouse argues, that the stipulation was not intended to cover a situation such as we now have where later events arguably reveal a need for further discovery; it may be that the agreement was intended only to forego a deposition at the time of production of documents. We feel, however, that we need not resolve this question of intent of the stipulation. While we must not treat this stipulation and the resulting order lightly, see *Farmers Co-Operative Elevators Association Non-Stock of Big Springs, Nebraska v. Strand,* 382 F.2d 224, 231 (8th Cir.), in the circumstances before us there are overriding considerations favoring discovery which we find controlling.

Our examination of the record, including the *in camera* consideration of documents produced on July 7, 1977 after the stipulation and order, has persuaded us that it would be inequitable to enforce a stipulation against a further deposition by Mr. Adams. Westinghouse has had no opportunity to interrogate Mr. Adams since the production in July of the sealed documents dealing with potentially critical events. Without in any way intimating a view on the effect or admissibility of such documents or facts relating to them—a matter for the trial court in Virginia—we are convinced that in the discovery stage these matters should be open at this time for further development by Westinghouse and the opposing parties. Otherwise, facts which may have considerable bearing on the merits might not be developed.

The court may relieve a party from an improvident agreement or one that might work injustice. *Laughlin v. Berens,* 73 App.D.C. 136, 139, 118 F.2d 193, 196; see *United States v. Harding,* 491 F.2d 697, 698 (10th Cir.); cf. *Wilver v. Fisher,* 387 F.2d 66, 69 (10th Cir.).[5] The strong policy of the federal discovery rules favoring full disclosure is of paramount importance. See *Olympic Refining Co. v. Carter,* 332 F.2d 260, 264 (9th Cir.), cert. denied, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175; and see *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077; *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.). The law favors disposition of litigation on its merits. *Wilver v. Fisher, supra,* 387 F.2d at 69. In view of the important matters revealed after the stipulation and order,[6] we must hold that it would be inequitable to enforce an agreement against further questioning of Mr. Adams, thus closing the door to development of potentially critical facts.

*Third,* there is the question whether the protective order in any event was proper to avoid oppression and undue hardship on Mr. Adams, without regard to the stipulation and order. We are advised that he has been deposed for two days in New York and one day in Denver. In addition, we know that a considerable volume of documents has been produced and made available to Westinghouse by Western Nuclear, in accordance with the agreed order. Nevertheless, in a matter of this importance to all

---

**5.** In this connection we note that Rule 29, F.R. Civ.P., as amended in 1970 reserves power in the court to enter an order contrary to a stipulation of the parties as to the procedures and conditions under which depositions may be taken.

**6.** The appellees point out that Westinghouse had been advised of a change in the deposition of Mr. Adams indicating the receipt of a report and attachments concerning matters covered in the sealed documents several months before the stipulation was entered into for the May 4, 1977 order which stated that there would be no deposition. From this appellees argue that it is not unfair to enforce the stipulation despite the fact that the disclosures in the documents came later on July 7, 1977.

The argument is not convincing when weighed against the policy favoring relief from an improvident stipulation where manifest injustice might otherwise result. Moreover, while the correction to the deposition of Mr. Adams was a signal which might warn against agreeing to forego a deposition, it was not a disclosure which brought home the existence of the potentially significant information in the sealed instruments. (See IR. 143–44).

the parties in the principal action a further opportunity for reasonable interrogation of Mr. Adams is firmly supported by the policy favoring discovery.

The district court may, of course, impose reasonable terms and conditions to protect against oppression in the scheduling and conduct of the deposition.[7]  We are convinced, however, that the bar against the further interrogation of Mr. Adams was an abuse of discretion in view of the documents produced after the stipulation and order and the potentially important events they purport to relate.  In such changed circumstances, further interrogation of the witness clearly seems justified and not unreasonable.  See *DeSeversky v. Republic Aviation Corp.,* 2 F.R.D. 113, 114–115 (E.D. N.Y.); *Erstad v. Curtis Bay Towing Co.,* 28 F.R.D. 583 (D.Md.); *Colin v. Thompson,* 16 F.R.D. 194 (W.D.Mo.).

Accordingly, the order of the district court is reversed and the matter is remanded for further proceedings in accordance with this opinion.  The mandate shall issue forthwith.

---

7.  We are mindful of the fact that the principal action is presently being tried in Virginia.  Of course, it is not intended that there be any interference with the trial proceedings by the deposition of Mr. Adams.  We only hold that the bar against that deposition imposed by the district court must be set aside.  Scheduling of the deposition should be done after coordination with the trial court in Virginia and without disruption to the proceedings in that court.