In the Matter of the Application of SIN-CLAIR OIL CORPORATION Lincoln Highway Sinclair, Wyoming 82334

For the Issuance of an Order Permitting it to Perpetuate Testimony.

Misc. No. 93 047.

United States District Court, D. Wyoming.

Feb. 27, 1995.

Frank D. Neville, Williams, Porter, Day & Neville, Casper, WY, Phelon S. Rammell, Sinclair Oil Legal Dept., Salt Lake City, UT, and Melvin Goldstein, Goldstein & Claxton, Washington, DC, for Sinclair Oil Corp.

Alan B. Minier, Rothgerber, Appel, Powers & Johnson, Cheyenne, WY, for Atlantic Richfield Corp., respondent.

### DECISION DECLINING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION OF ARCO'S MOTION TO AMEND RULE 27 ORDER

ALAN B. JOHNSON, Chief Judge.

This matter is before the court on the Magistrate Judge's August 2, 1994, Order Recommending Disposition of ARCO's Motion to Amend Rule 27 Order and Sinclair's Objection thereto.

The court has considered the Magistrate Judge's August 2, 1994 Order, the Objection, Replies, the entire file in this case and upon its own review of the applicable law, will decline the Magistrate Judge's Recommendation that this court's March 24, 1994 Order be amended to strike Leon Corpuz from the list of individuals whose testimony may be perpetuated by deposition.

### FACTUAL AND PROCEDURAL BACKGROUND

In this miscellaneous case, Sinclair sought to perpetuate testimony under Fed.R.Civ.P. 27. The testimony was sought for anticipated litigation arising from Sinclair's duty to clean up hazardous waste deposited over many years at a 70 year old refinery it now owns in Sinclair, Wyoming. Sinclair acquired the refinery in 1971. The Atlantic Richfield Corporation, commonly known as ARCO, formerly owned and operated the refinery. Sinclair's Verified Petition to Perpetuate Testimony represents that it anticipates bringing an action against ARCO for contribution under CERCLA for remediation of hazardous substances that were deposited while ARCO and its predecessors were responsible for the refinery operation. *See* 42 U.S.C. § 9613(f).

Sinclair sought to perpetuate testimony by deposition of ten of the refinery's past and present employees, including Leon Corpuz. The parties agree that, as the refinery's Senior Environmental Coordinator since 1974, Mr. Corpuz is a "critical witness" for the ultimate issues facing the parties when the hazardous waste is cleaned up. Mr. Corpuz has worked at the refinery a total of 33 years—several of those years for ARCO.

ARCO originally opposed the Sinclair's application, but later entered into a Stipulation and Agreement (Stipulation) allowing the perpetuation of the testimony of the ten individuals, plus other individuals to be named in the future. This Stipulation also covered production of documents, site inspection and other discovery that is outside the scope of

Fed.R.Civ.P. 27 which provides exclusively for the perpetuation of "testimony."

On March 24, 1994, this court adopted the parties' Stipulation by an Order providing for all of the stipulated matters, including the deposition of Mr. Corpuz. Three months later, ARCO filed a Motion to Amend the March 24, 1994 Order by striking Mr. Corpuz as a listed deponent.

The Magistrate Judge held a hearing on ARCO's Motion to Amend. On August 2, 1994, the Magistrate Judge entered an Order recommending granting ARCO's Motion to Amend this court's Order. Sinclair filed a timely objection.

The Magistrate Judge's Order Recommending Disposition reads this court's March 24, 1994 Order very narrowly, construing the provision that the depositions are to be taken "pursuant to Rule 27," to mean the testimony to be perpetuated must independently meet the requirements of Rule 27. As a result, the Magistrate Judge found that Mr. Corpuz' deposition would "fall outside the requirements of Rule 27" because he is only 57 years old, he will be employed by Sinclair for approximately 4 more years, he is presently employed at the refinery and is not mentally or physically infirm. Therefore, the Magistrate Judge found that perpetuation of Mr. Corpuz' testimony "at this time is not necessary to prevent a failure or delay of justice" within the meaning of Rule 27 and recommends amending this court's Order to prevent the perpetuation of his testimony.

## DISCUSSION

ARCO contends that the Order should be amended to strike Mr. Corpuz' deposition for the following reasons: (1) It claims Sinclair misrepresented Mr. Corpuz was "near retirement age"; (2) It claims adequate cross is not possible because Sinclair has allegedly not fulfilled the requirement in both the Stipulation and Rule 27 to disclose the substance of the testimony it intends to elicit from Mr. Corpuz; and, (3) It claims that it found out after the Stipulation and Order that Mr. Corpuz is assisting Sinclair's attorneys gather material and testimony in anticipation of litigation over the refinery clean up.

Sinclair contends that Mr. Corpuz' deposition should go forward for a variety of reasons. First, according to Sinclair, Mr. Corpus is *less* than four years from retirement at age 62 and there is no certainty that the anticipated litigation will be filed before he retires. Second, Sinclair alleges because Mr. Corpuz formerly worked for ARCO, his age was known to ARCO. Third, Sinclair alleges it has given enough information to allow ARCO to prepare for cross, and pursuant to the Stipulation, it has offered to allow ARCO's lawyers to informally interview Mr. Corpuz about the deposition subjects prior to the deposition. Fourth, Sinclair contends the fact Mr. Corpuz is cooperating with his employer's attorneys by providing information that may be used in the anticipated litigation, is no basis to allow ARCO to back out of the Stipulation. Fifth, Sinclair contends that it has now complied with its obligations for far-reaching discovery under the Stipulation and therefore argues it would be fundamentally unfair to allow ARCO to receive such major benefits under the Stipulation while denying Sinclair a negotiated benefit—Mr. Corpuz' deposition. Sixth, Sinclair contends that by its own terms the Stipulation contemplates that "present employees" will be deposed. Seventh, Sinclair contends ARCO agreed to have Mr. Corpuz deposed regardless of any representations made by Sinclair because the Stipulation provides that after the depositions of the named individuals, each party had 30 days to inform the other of "any other individuals" whose deposition it wants to take. (Stipulation, ¶ 2.d at pg. 6.) Neither the Stipulation or this court's Order adopting the Stipulation provide that the requirements of Rule 27 be met for such additional deponents.

Courts " 'cannot overlook or disregard stipulations which are absolute and unequivocal. Stipulations of attorneys may not be disregarded or set aside at will.' " *L.P.S. v. Lamm,* 708 F.2d 537, 539 (10th Cir.1983) *quoting United States v. Northern Colorado Water Conservancy Dist.,* 608 F.2d 422, 431 (10th Cir.1979). In the *L.P.S.* case, the Tenth Circuit stated it is "reluctant to relieve parties from the benefits, or detriments, of their stipulations. We note that it not our function to review the content of stipulations

to decide their relative worth; attorneys stipulate many things for many reasons *in preparation for* and in the course of trials." *Id.* at 539–540 (emphasis added).

In rare circumstances, courts "may relieve a party from an improvident agreement or one that might work injustice." *In re Westinghouse Elec. Corp., Etc.,* 570 F.2d 899, 902 (10th Cir.1978) (declining to construe discovery stipulation that only documents would be produced and "there would be no deposition" as barring forever any depositions). In making such a determination, the "strong policy of the federal rules favoring full disclosure is of paramount importance." *Id.* In the *Westinghouse* case the court found it would be manifestly unjust to construe the stipulation as forever barring depositions when formerly sealed documents subsequently revealed the need to develop critical facts through a deposition.

In the case, *O'Connor v. City and County of Denver,* 894 F.2d 1210, 1225–26 (10th Cir. 1990), the court held that while a court "may not overlook stipulations as a matter of course, no rule of law requires a court to base the resolution of the case on stipulations of the parties." *Id.* at 1226 n. 12. *O'Connor* was a case where the plaintiff essentially abandoned his claims, did not show up or otherwise participate at trial and where plaintiff's attorney's stipulation was the only evidence offered to establish a constitutional violation by the defendant city. Thus, although *O'Connor* held it was not always erroneous for a trial court to disregard a stipulation of the parties, *id.* at 1226, that holding is limited due to the unique fact pattern.

In the present case, the Magistrate Judge's Order and ARCO's pleadings focus on whether Mr. Corpuz' deposition testimony should be perpetuated under Rule 27 instead of the issue of whether ARCO has meet the standard for relieving a party from the effects of a "stipulation which is absolute and unequivocal". In this court's view, the latter issue must be dispositive. The time for ARCO to dispute whether perpetuation of Mr. Corpuz' testimony could be permitted under Rule 27 was prior to asking this court to adopt its Stipulation. Having obtained substantially all of the non-Rule 27 discovery

it bargained for under the stipulation, ARCO now contests the applicability of Rule 27 to one of the depositions Sinclair was allowed under the Stipulation.

It must be remembered in this case that because of the parties' Stipulation, the court did not require evidence that perpetuation of the testimony of the other deponents met the requirements of Rule 27. The only court to recently examine Rule 27 in connection with perpetuation of testimony in anticipation of environmental litigation, *In re Petition of Delta Quarries and Disposal Inc.,* 139 F.R.D. 68 (M.D.Penn.1991) follows a remarkably strict interpretation of Rule 27, under which *none* of the proposed depositions in this case could be perpetuated. *See Id.* at 69 (applicant required to prove witnesses' health was so grave that there was a likelihood of loss of his testimony).

Similarly, Rule 27 could not apply to *any* of the material to be produced under the Stipulation. Sinclair's obligations under the Stipulation were extensive and wide-ranging. Sinclair was obligated to disclose potential witnesses, produce documents including maps, drawings and photographs, prepare lists of employees, and allow ARCO to physically inspect the refinery. None of these items are covered by Rule 27 which exclusively addresses perpetuation of "testimony."

■ Where ARCO and Sinclair stipulated to the exchange of non-Rule 27 discovery, including depositions, and where ARCO has received substantial benefit in return for allowing the perpetuation of testimony, it will not be heard to argue that perpetuation of the critical witness's testimony cannot be allowed because it is not properly within the perimeters of Rule 27.

■ Thus, this court believes that the issue is simple: Should ARCO be relieved of its "absolute and unequivocal" stipulation when it has already received substantial benefits that it wanted from the stipulation?

ARCO contends that the Stipulation should not be enforced because of after-discovered facts, namely Mr. Corpuz' age and that he is helping put together his employer's case. However, in view of ¶ 2.d. of the Stipulation as incorporated into this court's Order, ¶ 3 at

pgs. 2–3 (allowing depositions of "any other individuals" upon notice) the argument over whether Mr. Corpuz is "near retirement" if he has less than four years to retire is ·not dispositive because neither the Stipulation · nor this court's Order places qualifications on ˙ the additional persons whose testimony may be taken pursuant to ¶ 2.d of the Stipulation. Further, ARCO is a sophisticated and well-represented party. Mr. Corpuz was formerly an ARCO employee. Mr. Corpuz is an admittedly "critical witness." Under the circumstances of this case, this court will not relieve ARCO of the effects of its Stipulation simply because it failed to ascertain how "close to retirement" Mr. Corpuz was before it signed the stipulation.

As for ARCO's contention it found out after the Stipulation that Mr. Corpuz was assisting Sinclair's attorneys with the case: as the refinery's 'Senior Environmental Coordinator since 1974, it would be surprising if Mr. Corpuz was not assisting in gathering information to prepare his employer's case.

■ The Stipulation should be construed in harmony with the Federal Rules of Evidence's policy of full disclosure rather than limiting disclosure. *Westinghouse,* 570 F.2d at 902. The issue of whether ARCO can adequately prepare to cross without a more detailed description of Mr. Corpuz' testimony, is no more than an ordinary discovery dispute. Further, the Stipulation provides that ARCO has 30 days in which to "recall any of the deponents for a supplemental deposition." During such a supplemental deposition, ARCO may address any matters for which it believes there was no adequate preparation to cross during the original deposition.

### CONCLUSION

On the facts of this case, the Stipulation to perpetuate Mr. Corpuz' testimony by deposition is not "an improvident agreement or one that might work injustice" and therefore this Court will not amend its Order adopting the parties' "absolute and unequivocal" stipulation to strike Mr. Corpuz from the list of individuals whose testimony may be perpetuated.