**I/P ENGINE, INC., Plaintiff,**

v.

**AOL, INC., et al., Defendants.**

**No. 2:11cv512.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 26, 2012.

Donald C. Schultz, W. Ryan Snow, Norfolk, VA, Jeffrey K. Sherwood, Frank C. Cimino Jr., Kenneth W. Brothers, Dawn Rudenko Albert, and Charles J. Monterrio Jr., Washington, DC, for Plaintiff.

Stephen E. Noona, Norfolk, VA, David Bilsker and David A. Perlson, San Francisco, CA, Robert L. Burns, Reston, VA, for Defendants.

## ORDER

F. BRADFORD STILLMAN, United States Magistrate Judge.

Before the Court is Plaintiff I/P Engine's Motion for Leave to Take 30(b)(1) Depositions of Defendants, filed on June 25, 2012. ECF No. 177. On July 5, 2012, the defendants filed a brief in opposition to the motion, together with a declaration and several exhibits. ECF Nos. 179, 180, 186. On July 9, 2012, the plaintiff filed a reply brief. ECF No. 187. The motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and the Standing Order on Assignment of Certain Matters to United States Magistrate Judges (Apr. 1, 2002). Having reviewed the motion papers identified above, the Court will decide this motion on the papers, without oral hearing, pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure.

This is a patent infringement case involving five corporate defendants: (1) Google Inc. ("Google"); (2) IAC Search & Media, Inc. ("IAC"); (3) Target Corporation ("Target"); (4) Gannett Co., Inc. ("Gannett"); and (5) AOL, Inc. ("AOL"). In their Rule 26(a)(1) initial disclosures, the defendants collectively identified 14 individuals likely to have discoverable information. The plaintiff subsequently served deposition notices on each of the five corporate defendants pursu-

ant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The defendants have designated several of the same 14 individuals to testify on their behalf pursuant to Rule 30(b)(6).

The plaintiff now seeks leave to take the depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, of twelve employees of the defendants not identified in the defendants' Rule 26(a)(1) disclosures, but whom the plaintiff has identified as fact witnesses based on written discovery and documents produced by the defendants.[1] One of the prospective deponents is Derek Cook, an employee of defendant Google, whose deposition was previously noticed, but not yet taken, by the plaintiff. The other eleven prospective deponents have not been specifically identified. The defendants object to these depositions on two grounds: (1) that taking these depositions will cause the plaintiff to exceed the ten-deposition limit imposed on each side by Rule 30(a)(2)(A)(i); and (2) that taking these depositions would violate a Rule 29 stipulation by the parties that purportedly limits the plaintiff to deposing only those individuals identified in the defendants' initial disclosures. For the reasons stated below, the Court will deny the plaintiff's motion as both moot and premature.

### A. Deposition Limits Under the Federal Rules

The Court notes that the parties' dispute with respect to the ten-deposition limit is premised upon a clear misunderstanding of the Federal Rules of Civil Procedure. Rule 30 provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken" by each side. Fed.R.Civ.P. 30(a)(2)(A)(i). The parties have both construed the rule as limiting the total number of depositions, including the depositions of each separate Rule 30(b)(6) designee. With five corporate defendants and multiple 30(b)(6) designees for each defendant, the total number of depositions has

---

1. Specifically, the plaintiff seeks leave to depose three employees each of Google and AOL, and two employees each of IAC, Target, and Gannett.

readily exceeded the ten-deposition limit, as calculated by the parties.

But "[a] deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify." Fed.R.Civ.P. 30(a)(2)(A) advisory committee's note (1993); *Loops LLC v. Phoenix Trading, Inc.*, No. C08–1064 RSM, 2010 WL 786030, at *1 (W.D.Wash. Mar. 4, 2010). The Rule 30(b)(6) depositions of the five corporate defendants count, at most, as one deposition each for this purpose, no matter how many separate depositions of the 30(b)(6) designees are actually conducted. It is the Court's understanding that the only depositions taken by the plaintiff to date are those of the defendants' Rule 30(b)(6) designees, and that Mr. Cook is the only individual, non-designee deponent noticed at this point. Under the Federal Rules, leave of court is not required to take Mr. Cook's deposition, nor is it required for the next four Rule 30(b)(1) depositions noticed by the plaintiff.[2]

The Court further notes that the plaintiff is limited to a total of five depositions of nonparty, non-expert witnesses by the Rule 26(f) Pretrial Order entered in this case on January 17, 2012. ECF No. 83. As with the limits imposed by the Federal Rules, this limit of five nonparty depositions may be modified by agreement of the parties or by leave of court. *Id.*

Under both the Federal Rules and the Rule 26(f) Pretrial Order entered in this case, the plaintiff is entitled to take at least five more depositions without leave of court. The plaintiff's motion is moot with respect to Mr. Cook's deposition and the next four individual depositions, and it is premature with respect to the deposition of any additional individual deponents not yet identified. If the plaintiff wishes to take the deposition of any individual deponents beyond its remaining allotment and the parties are unable to agree to the taking of such depositions, the Court will entertain a properly supported motion

for leave at that time. Any such motion should identify the proposed deponent by name and provide specific reasons why the Court should permit the deposition to be taken.

### B. *The Rule 29 Stipulation*

Rule 29 of the Federal Rules of Civil Procedure permits the parties to modify "procedures governing or limiting discovery" by stipulation, unless the stipulation would "interfere with the time set for completing discovery, for hearing a motion, or for trial," or "[u]nless the court orders otherwise." Fed.R.Civ.P. 29.[3]

In January and February 2012, counsel for both sides exchanged e-mail correspondence and held telephone conference calls regarding a discovery plan, as required by Rule 26(f) of the Federal Rules of Civil Procedure. As part of this dialogue, the parties discussed certain stipulations with respect to fact witness depositions.

On February 7, 2012, counsel for the plaintiff proposed the following language, presumably intended for inclusion in a written joint discovery plan or a formal stipulation:

> B. Fact Witness Depositions
>
> The parties agree that Plaintiff shall have the right to a Rule 30(b)(6) deposition on liability issues, a Rule 30(b)(6) deposition on damages issues; and the right to depose each fact witness affiliated with a defendant and who has been disclosed pursuant to Rule 26(a) (currently 14 individuals for all defendants). . . .

E-mail from Kenneth Brothers to Stephen E. Noona & David Perlson (Feb. 7, 2012), ECF No. 180, attach. 2. The e-mail did not set forth a section "A" to precede this one, and the immediately prior e-mails suggested that this language was circulated as a follow-up to a telephonic discussion earlier that same day. Earlier messages in the same e-mail chain suggest that a written discovery plan, not

---

2. Whether a Rule 45 subpoena is necessary to compel the attendance as a nonparty witness who does not voluntarily appear to be deposed is another question.

3. Although this rule formerly required a *written* stipulation, the Court notes that the rule was revised in 2007 to eliminate the writing requirement. *See* Fed.R.Civ.P. 29; 6 James Wm. Moore et al., *Moore's Federal Practice* § 29.05[1] (3d ed. 2007).

submitted to the Court by either party, had been circulated.

On February 9, 2012, counsel for the defendants proposed the following language, incorporating certain "minor additions" to the plaintiff's proposed stipulation:

> B.   Fact Witness Depositions
>
> The parties agree that Plaintiff shall have the right to a Rule 30(b)(6) deposition on liability issues *lasting no longer than 7 hours,* a Rule 30(b)(6) deposition on damages issues *lasting no longer than 7 hours;* and the right to depose each fact witness affiliated with a defendant and who has been disclosed pursuant to Rule 26(a) (currently 14 individuals for all defendants). *Defendants have agreed to this expansion of the deposition limitations under the Federal Rules of Civil Procedure with the express understanding that this will be substantially all the depositions that plaintiff will take; any additional depositions by plaintiff must be by leave of Court on motion for good cause shown.* . . .

E-mail from Margaret P. Kammerud to Kenneth Brothers et al.   (Feb. 9, 2012) (emphasis added), ECF No. 180 attach. 2. A few hours later, counsel for the plaintiff responded: "Meg, this is fine, thanks."   E-mail from Kenneth Brothers to Margaret P. Kammerud et al.   (Feb. 9, 2012), ECF No. 180 attach. 2.

■   This Court has the authority to reject a Rule 29 stipulation that serves to thwart, rather than promote, full disclosure. *See* Fed.R.Civ.P. 29 ("*Unless the court orders otherwise,* the parties may stipulate . . . .") (emphasis added); *In re Westinghouse Elec. Corp.–Uranium Contracts Litig.,* 570 F.2d 899, 902 (10th Cir.1978) ("The court may relieve a party from an improvident agreement or one that might work injustice. The strong policy of the federal discovery rules favoring full disclosure is of paramount importance.   The law favors disposition of litigation on its merits.") (citations and footnote omitted); *In re Sinclair Oil Corp.,* 881 F.Supp. 535, 539 (D.Wyo.1995) ("The Stipula-

tion should be construed in harmony with the Federal Rules['] . . . policy of full disclosure rather than limiting disclosure."); *see also Marshall v. Emersons Ltd.,* 593 F.2d 565, 568 (4th Cir.1979) ("[A] stipulation of counsel originally designed to expedite the trial should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties.") (quoting *Maryland Cas. Co. v. Rickenbaker,* 146 F.2d 751, 753 (4th Cir. 1944)).   Moreover, "when a stipulation is entered into under a mistake of law, trial courts may, in the exercise of a sound judicial discretion and in the furtherance of justice, relieve parties from stipulations which they have entered into in the course of judicial proceedings."   *Marshall,* 593 F.2d at 568 (quotations omitted) (citing *Brast v. Winding Gulf Colliery Co.,* 94 F.2d 179, 181 (4th Cir. 1938)).

■   By its express terms, the stipulation advanced by the defendants purported to be an "expansion of the deposition limitations under the Federal Rules of Civil Procedure." But the suggestion that the stipulation expanded, rather than restricted, the availability of depositions as a discovery device suggests, at minimum, a misapprehension of the law.   The stipulation, as construed by the defendants, would restrict the plaintiffs from taking the deposition of anyone other than 14 individuals identified by the defendants themselves in their Rule 26(a)(1) initial disclosures, even if most or all of the 14 are ultimately designated by the defendants to testify pursuant to Rule 30(b)(6),[4] and even if discovery reveals additional persons with discoverable information, such as Mr. Cook. The effective result is the restriction of the plaintiffs to fewer than ten total depositions and less than the full scope of discovery ordinarily permitted by Rule 26(b)(1).   Moreover, the fourteen-hour aggregate limitation imposed on 30(b)(6) depositions similarly appears to curtail the scope of discovery severely, espe-

---

**4.**   The Court notes that "once a corporation has produced someone capable of speaking to the matters described in the notice of deposition, the scope of the inquiry is guided only by the general discovery standard of Fed.R.Civ.P. 26(b)(1)." *Overseas Private Inv. Corp. v. Mandelbaum,* 185

F.R.D. 67, 68 (D.D.C.1999); *accord Detoy v. City and County of San Francisco,* 196 F.R.D. 362, 365–67 (N.D.Cal.2000); *Cabot v. Yamulla Enters., Inc.,* 194 F.R.D. 499, 500 (M.D.Pa.2000); *King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D.Fla.1995).

cially considering the number of defendants and the number of 30(b)(6) designees at issue in this case.[5]

The Court notes that, notwithstanding the foregoing, the plaintiff has established good cause for the taking of Mr. Cook's deposition, and the Court would grant leave to do so if leave were necessary. But the Court declines the defendant's invitation to enforce the stipulation of February 9, 2012, with respect to fact witness depositions when leave is not otherwise required under the Federal Rules, the Local Civil Rules, or the Court's prior orders.

Accordingly, the plaintiff's motion is DENIED as both MOOT and PREMATURE.

IT IS SO ORDERED.

---

5. Under the Federal Rules, "a deposition is limited to 1 day of 7 hours." Fed.R.Civ.P. 30(d)(1). But "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed.R.Civ.P. 30(d) advisory committee's note (2000); *Sabre v. First Dominion Capital, LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001).